IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BESSIE VANN, individually, and** | : | |
| **as Administratrix of the Estate of** | : | |
| **DARROLL BLACKWELL** | : | |
| 716 West Indiana Avenue, | : | |
| First Front | : | |
| Philadelphia, PA 19133 | : | 25-CV-04534 |
| **Plaintiff** | : | |
| v. | : | |
| | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| and | : | |
| **PHILADELPHIA POLICE** | : | |
| **DEPARTMENT** | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| **And** | : | |
| **JOHN DOE POLICE OFFICER** | : | |
| 6059 Haverford Avenue | : | |
| Philadelphia, PA 19151 | : | |
| | : | |
| **Defendants** | : | |

**CIVIL ACTION COMPLAINT**
**SURVIVAL AND WRONGFUL DEATH**

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.<br><br>***You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*** *This office can provide you with information about hiring a lawyer. If you cannot afford to hire a lawyer, this office may be able to provide you with information about agencies that may offer legal services to eligible persons at a reduced fee or no fee.*<br><br>Philadelphia Bar Association<br>Lawyer Referral<br>Legal and Information Service<br>1101 Market Street<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333 | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte suede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted purde perer dinero o sus propiedades u otros derechos importantes para usted.<br><br>***Lleva esta demanda a un abogado inmediatamente.  Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio.  Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se suede conseguir asistencia legal.***<br><br>Asociacion de Licenciados<br>de Filadelfia Servicio de Referencia Informacion<br>1101 Market Street<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333 |

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BESSIE VANN, individually, and as Administratrix of the Estate of DARROLL BLACKWELL**<br>716 West Indiana Avenue,<br>First Front<br>Philadelphia, PA 19133<br>　　　　　　**Plaintiff**<br>　v.<br><br><br>**CITY OF PHILADELPHIA**<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>　　and<br>**PHILADELPHIA POLICE DEPARTMENT**<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>　　And<br>**JOHN DOE POLICE OFFICER**<br>6059 Haverford Avenue<br>Philadelphia, PA 19151<br><br>　　　　　　**Defendants** | : : : : : : : : : : : : : : : : : : : : : : : : : | 25-CV-04534 |

## FIRST AMENDED CIVIL ACTION COMPLAINT

1.　Plaintiff, Bessie Vann, is an adult individual, residing at the above-captioned address and brings this action in his official capacity as the Administrator of the Estate of Darroll Blackwell, deceased (hereinafter sometimes referred to as "Darroll" or "decedent").

2. Plaintiff, Bessie Vann, was appointed as the Administrator of the Estate of Darroll Blackwell by the Register of Wills of Philadelphia County on, or about, May 31, 2024, and is entitled to bring this Action.

3. Defendant, City of Philadelphia, is a municipal agency organized under the laws of the Commonwealth of Pennsylvania and has designated as its registered agent for service of process the above-captioned address.

4. Defendant, Philadelphia Police Department, is a municipal agency organized under the laws of the Commonwealth of Pennsylvania and has designated as its registered agent for service of process the above-captioned address.

5. On or about December 20, 2023, Plaintiff, Darroll Blackwell, was a pedestrian at or near the intersection of East City Avenue Lane and Belmont Avenue, Philadelphia, PA 19004.

6. On or about December 20, 2023, Defendant, an officer for the Philadelphia Police Department, was the operator of a certain vehicle which was travelling at or near the aforesaid intersection.

7. Defendant City of Philadelphia was the owner of the vehicle that the officer of the Defendant Philadelphia Police Department was operating at the time of the subject incident.

8. Defendant Leiby of the Defendant Philadelphia Police Department was employed by Defendant City of Philadelphia at the time of the subject incident.

9. At all times relevant hereto, Philadelphia Police Department and City of Philadelphia were acting by and through their agents, employees, deputies and managers.

10. On or about December 20, 2023, Officer Leiby began to pursue an unknown defendant who was allegedly in pursuit on I-76.

11. Upon information and belief, Defendant Leiby did not confirm whether the vehicle he was attempting to pursue was involved in a prior robbery.

12. Upon information and belief, police dispatch attempted to confirm the nature of the police pursuit:

> Unknown Police Officer:  We cannot confirm that this vehicle was involved in a robbery, correct?
> Dispatch:  That is correct.

13. Upon information and belief, Officer Leiby pursued the unknown defendant at a high rate of speed, in excess of the posted speed limits, for an unknown distance and length of time.

14. Upon information and belief, Officer Leiby activated the lights and sirens of his police cruiser while in pursuit.

15. On the date and time and at the location aforesaid, Defendant, Philadelphia Police Department, recklessly struck the Decedent as he was standing on a median in the middle of the road, resulting in Darroll's death.

16. The Philadelphia Police Department has established guidelines governing acceptable

police practices with respect to police pursuits and high-speed chases. (See Philadelphia Police Department Directive 9.4) attached hereto as Exhibit A.

17. Pursuant to Directive 9.4, an officer may be justified in initiating a vehicular pursuit in only two situations. See id.

18. Pursuant to Directive 9.4, the first situation wherein a vehicular pursuit may be necessary and justified si when the offers are in close proximity to a suspect vehicle and believe a pursuit is necessary to prevent the death or serious bodily injury of another person. Id.

19. Pursuant to Directive 9.4, the second situation wherein a vehicular pursuit may be necessary and justified is when the officers are in close proximity to a suspect vehicle, the officers believe that the pursuit is necessary to prevent the suspect's escape, and the officer has probably cause that the person being pursued has committed or attempted to commit a forcible felony or possesses a deadly weapon, other than the vehicle itself. Id.

20. Upon information and belief, this directive governing police practices with respect to police pursuits was created and promulgated by the Philadelphia Police Department and/or any other institutional authors employed by the City of Philadelphia and was established to protect innocent bystanders and motorists.

21. Upon information and belief, the vehicular pursuit of the unknown vehicle undertaken by Officer Leiby violated Directive 9.4. Consequently, it was an unjustifiable pursuit per police directives.

22. Upon information and belief, Officer Leiby did not believe, and did not possess sufficiently reliable information that would support a reasonable belief, that the pursuit he undertook was necessary to effectuate the unknown individual's arrest and to prevent escape.

23. Upon information and belief, Officer Leiby did not believe, and did not possess sufficiently

        reliable information to support a reasonable a reasonable belief that they had probably case that the unknown individual had committed or attempted to commit a forcible felony.

24. Upon information and belief, the unknown individual who Officer Leiby was pursuing did not commit nor did he attempt to commit, a forcible felony prior to the chase.

25. Upon information and belief, Officer Leiby did not believe, and did not possess sufficiently reliable information to support a reasonable belief, that this unknown individual possessed a deadly weapon.

26. Upon information and belief, the unknown individual did not possess a deadly weapon during the vehicular pursuit.

27. Despite the absence of any information or reasonable belief that would justify a high-speed pursuit according to their own directives, Officer Leiby undertook a high-speed chase in a densely populated area of Philadelphia even though such pursuit posed a clear and significant risk to bystanders and motorists, including the decedent.

28. By pursuing the unknown individual in a densely populated area, Officer Leiby precipitated and continued a high-speed chase that caused Officer Leiby to strike the decedent. Officer Leiby's conduct was a substantial factor and/or direct and proximate cause of his vehicle striking the decedent and her harm resulting therefrom, including his death.

29. By engaging in an unjustified high-speed police pursuit in a densely populated area, Officer Leiby used his authority as a state actor to create and perpetuate a known and obvious danger to the decedent, which rendered the decedent vulnerable to a known, unsafe, situation, within the meaning of the state-created danger doctrine under § 1983 and its progeny.

30. Defendants, acting under the color of state law, affirmatively caused Plaintiff's decedent,

Darroll Blackwell, to be deprived of the rights, privileges, and immunities granted to Mr. Blackwell by the Constitution.

31. As a direct and proximate result of all of the Defendants' conduct, Mr. Blackwell was caused to suffer the following;

   (a) Traumatic musculoskeletal and orthopedic injuries;

   (b) Traumatic brain injuries

   (c) Altered level of consciousness;

   (d) Pain and suffering;

   (e) Emotional distress;

   (f) Mental anguish;

   (g) Disfigurement;

   (h) Untimely death;

   (i) Loss of care, guidance, and tutelage;

   (j) All damages allowable under the Survival Act 42 Pa. C.S.A. § 8302, the applicable Rules of Civil Procedure and the decisional law interpreting the Survival Act, and/or pain and suffering endured by Darroll Blackwell prior to his death, including but not limited to, physical pain and suffering, mental pain and suffering, mental suffering, loss of life's pleasures, disfigurement, and humiliation; and

   (k) All damages allowed under the Wrongful Death Act, 42 Pa. C.S.A. § 8301, the applicable Rules of Civil Procedure and the decisional law interpreting the Survival Act, and/or pain and suffering endured by Darroll Blackwell prior to his death, including but not limited to, physical pain and suffering, mental pain and suffering,

        mental suffering, loss of life's pleasures, disfigurement, and humiliation.

32. Accordingly, Plaintiff, Bessie Vann, Administrator of the Estate of Darroll Blackwell, brings this civil action against the Defendants pursuant to 42 U.S.C. § 1983 and Pennsylvania state law, and seeks all appropriate damages and remedies cognizable by law.

## COUNT I: CIVIL RIGHTS – 42 U.S.C. § 1983

### Plaintiff v. All Defendants

33. The preceding paragraphs and allegations are incorporated as though fully set forth herein.

34. Defendant Leiby was a police officer employed by the City of Philadelphia to enforce Pennsylvania state law and was acting under the color of state law pursuant to that authority at all times relevant to this litigation. Therefore, they are subject to suit pursuant to 42 U.S.C. § 1983 for the actions he undertook while acting under the color of state law.

35. Defendants' conduct, as set forth above and herein, evinces a state-created danger.

36. These events did not present the Defendants with a hyper-pressurized environment, a true exigency, or a situation requiring hurried deliberation. Defendants had time to consider whether to engage in the inherently risky behavior described above.

37. By engaging in an unjustified high-speed pursuit in a densely populated area, while driving in a lane not designated for traffic without justification, Defendants consciously disregarded a great risk of serious harm to the safety, bodily integrity, well-being, liberty, and substantive due process rights of Plaintiff's Decedent, Darroll Blackwell.

38. By engaging in an unjustified high-speed pursuit in a densely populated area, while driving in a lane not designated for traffic without justification, Defendants' actions constituted an intent or purpose to cause harm to the public, including Plaintiff's Decedent, Darroll Blackwell.

39. Defendants acted in conscious disregard for the substantial and justifiable risk of causing harm to Mr. Blackwell and their conduct was so egregious as to shock the conscience.

40. Defendants' conduct, as set forth above, demonstrates that the harm caused to Plaintiff's Decedent was foreseeable and a fairly direct result of the Defendants' conduct.

41. Defendants' conduct, as set forth above, demonstrates that Defendants unreasonably and unjustifiably placed Plaintiff's Decedent in a foreseeably dangerous position.

42. Defendants' conduct, as set forth above, demonstrates that Defendants affirmatively created an opportunity for harm to Plaintiff's Decedent that otherwise would not have existed. Plaintiff's Decedent was rendered more vulnerable to the danger that had Defendants not acted at all.

43. At all times relevant to this litigation, Defendants were aware that Plaintiff's Decedent had a clearly established constitutional right to bodily integrity and a right to be free of the state-created danger described herein.

44. As a direct and proximate result of Defendants' unreasonable, unjustifiable, and unconstitutional conduct, Plaintiff suffered the aforementioned harms, including Mr. Blackwell's injuries and untimely death.

45. Defendants' conduct, as set forth herein, violated Mr. Blackwell's rights as guaranteed by the United States Constitution, capable of legal remedy under 42 U.S.C. § 1983.

46. At all relevant times, Defendant Officer Leiby was an employee, servant and/or an agent of the City of Philadelphia, therefore, rendering the City of Philadelphia vicariously liable for their aforementioned actions.

**WHEREFORE**, Plaintiff, Bessie Vann, as Administrator of the Estate of Darroll Blackwell, demands judgment in his favor and against all of the Defendants, individually and/or

jointly, for compensatory damages in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages, and costs.

## COUNT II: CIVIL RIGHTS – 42 U.S.C. SECTION 1983 (*MONELL* CLAIM)

### Plaintiff v. City of Philadelphia

47. Plaintiff hereby incorporates the preceding paragraphs as if same were set forth at length herein.

48. The City of Philadelphia, as a local government, qualifies as a "person" subject to direct liability under 42 U.S.C. § 1983.

49. At all times relevant to this litigation, the City of Philadelphia acted under the color of state law.

50. At all times relevant to this litigation, the City of Philadelphia was a policymaker, whose pronouncements were given the effect of state law.

51. Upon information and belief, the Philadelphia Police Department's Directive 9.4 related to Vehicular Pursuits was last updated on June 16, 2016.

52. At the time of this incident, the City of Philadelphia maintained and promulgated a policy, directive, and/or custom and practice governing police pursuits, which resulted in Officer Leiby engaging in an unjustified and hazardous high-speed chase in a densely populated area, thereby causing a violation of Mr. Blackwell's rights under the Constitution, 42 U.S.C. 1983; *Monell v. Dep't of Soc'l Serv's*, 436 U.S. 658 (1978), and their progeny.

53. The City of Philadelphia's maintaining and promulgating an inadequate policy directive, practice, and/or custom governing police pursuits was a moving force behind the unconstitutional harm done to Plaintiff's Decedent.

54. At the time of this incident, the City of Philadelphia failed to adequately train Philadelphia Police Department officers, including Officer Leiby, in the conduct of police pursuits, which resulted in Officer Leiby engaging in an unjustified and hazardous high-speed chase in a densely populated area, thereby causing the violation of Mr. Blackwell's rights under the Constitution, 42 U.S.C. 1983; *Monell v. Dep't of Soc'l Serv's*, 436 U.S. 658 (1978), and their progeny.

55. The City of Philadelphia's failure to properly train its police officers in police pursuits, including Officer Leiby, was a moving force behind the unconstitutional harm done to Plaintiff's decedent.

56. As a direct and proximate result of Defendant's unreasonable, unjustifiable, and unconstitutional conduct, Plaintiff suffered the aforementioned harms, including Mr. Blackwell's injuries and untimely death.

**WHEREFORE**, Plaintiff, Bessie Vann, as Administrator of the Estate of Darroll Blackwell, demands judgment in his favor and against all of the Defendants, individually and/or jointly, for compensatory damages in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages, and costs.

## COUNT III - WRONGFUL DEATH
## PLAINTIFF v. ALL DEFENDANTS

57. Plaintiff hereby incorporates the preceding paragraphs as if same were set forth at length herein.

58. Plaintiff, Bessie Vann, Administrator of the Estate of Darroll Blackwell, brings this action by virtue of 42 Pa.C.S.A. § 8301 and Pa.R.Civ.P. 2202.

59. Plaintiff's decedent was survived by his mother, Bessie Vann, Administrator of the Estate of Darroll Blackwell, are entitled to recover damages for his death.

60. In addition to the damages recited previously, as a further direct and proximate result of the negligence and carelessness of the Defendants which resulted in the death of Plaintiff's decedent, Darroll Blackwell, his survivors have been deprived of the enjoyment of Darroll's life, as well as the earnings, maintenance, guidance, support and comfort they would have received from his for the rest of his natural life.

61. As a direct and proximate result of Defendants' aforesaid negligence and carelessness, Plaintiff has suffered and Defendants are liable for the following damages:

    (a) Funeral expenses of the decedent;

    (b) Reimbursement for the medical expenses, including physician's charges and fees, hospital charges and fees, costs of medicine and drugs, and other costs relating to Plaintiff's decedents medical care and surgeries;

    (c) Expenses of administration related to decedent's injuries and death;

    (d) The Plaintiff's deprivation and injury as a result of the loss of support, comfort, society, counsel, aid, association, care and services of the decedent; and

    (e) Such other damages as are permissible in a wrongful death action.

**WHEREFORE**, Plaintiff, Bessie Vann, as Administrator of the Estate of Darroll Blackwell, demands judgment in his favor and against all of the Defendants, individually and/or jointly, for compensatory damages in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages, and costs.

### COUNT IV - SURVIVAL ACTION
### PLAINTIFF v. ALL DEFENDANTS

62. Plaintiff hereby incorporates the preceding paragraphs as if same were set forth at length herein.

63. Plaintiff, Bessie Vann, Administrator of the Estate of Darroll Blackwell, also brings this action on behalf of the Estate of Darroll Blackwell, deceased, under and by virtue of

the Probate, Estates and Fiduciary Code, 20 Pa.C.S.A. sec. 3373 and 42 Pa.C.S.A. sec. 8302.

64. As a direct and proximate result of the aforesaid acts of negligence and carelessness of Defendants, as enumerated above, Plaintiff's decedent suffered and said Defendants are liable to Plaintiff for the following damages:

(a) Decedent's pain and suffering between the time of his initial injury and the time of his death;

(b) Decedent's total estimated future earnings power less his estimated cost of personal maintenance;

(c) Decedent's loss of retirement and Social Security income;

(d) Decedent's other financial losses suffered as a result of his death; and

(e) Decedent's loss of enjoyment of life.

**WHEREFORE**, Plaintiff, Bessie Vann, as Administrator of the Estate of Darroll Blackwell, demands judgment in his favor and against all of the Defendants, individually and/or jointly, for compensatory damages in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages, and costs.

**THE LAW OFFICES OF JOEL J. KOFSKY**

BY: _____
JOEL J. KOFSKY, ESQUIRE
Attorney for Plaintiff

Dated: 8/22/2025

**VERIFICATION**

I, Bessie Vann, Administratrix of the Estate of Darroll Blackwell, am the Plaintiff in this action and hereby verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information, and belief.

I understand that the statements in said pleading are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

_____
Signature

DATE: ___07/03/2025___